IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRIS JACOBS,

        OPINION AND ORDER

   Plaintiff,

        19-cv-735-bbc

 v.

WISCONSIN JUDICIAL COMMISSION,

   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Pro se plaintiff Chris Jacobs is incarcerated at the Columbia Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, seeking an order that defendant Wisconsin Judicial Commission must investigate why the Circuit Court for Marathon County has not ruled on several motions he filed regarding his 1987 and 1998 criminal convictions. He has requested leave to proceed without prepayment of the filing fee, but he has three verified "strikes" against him under 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

  Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. Jacobs v. Gerber, case no. 10-1796 (7th Cir. Nov. 4, 2010) ("In any future case, Jacobs must prepay all filing

1

fees unless he can demonstrate, at the time of filing, that he is 'under imminent danger of serious physical injury.' 28 U.S.C. § 1915(g)."). Consequently, plaintiff may not proceed with this action without prepaying the fees unless he shows that he is in imminent danger of serious physical injury. After reviewing plaintiff's complaint, I conclude that he may not proceed without prepayment of the filing fee because his complaint does not allege that he is in imminent danger. Therefore, I am dismissing his complaint without prejudice. If plaintiff pays the $400 filing fee, I will reopen the case and screen it under 28 U.S.C. § 1915A.

OPINION

Plaintiff must plead facts in his complaint supporting a finding of imminent danger of serious physical injury, but he has failed to do so. I understand plaintiff to be alleging that defendant has failed to take proper action with respect to certain motions that he filed related to his criminal convictions in state court. Plaintiff's allegations do not support an inference that plaintiff faces imminent danger of serious physical injury sufficient to invoke the exception provided in § 1915(g). None of his allegations suggests that he is facing a "genuine emergency" or a "real and proximate" threat of serious harm. Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). Because plaintiff's complaint does not meet the exception under § 1915(g), he may not proceed without prepayment of the filing fee. I will dismiss this case without prejudice. If plaintiff pays the $400 filing fee, he may move to reopen the case.

ORDER

IT IS ORDERED that

1. Plaintiff Chris Jacobs is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if plaintiff submits the $400 filing fee by December 5, 2019.

Entered this 14th day of November, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge